UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
FAY PHILLIPS,

                Petitioner,

   -against-

LORETTA LYNCH,[1] Attorney General
of the United States; LEON RODRIGUEZ,
Director of United States Citizenship and
Immigration Services; PHYLLIS COVEN,
Director for the District of New York,
TIM HOUGHTON, New York Field
Office Director,

                Respondents.
---------------------------------------------------X

**MEMORANDUM & ORDER**
Civil Action No. 15-1514

**APPEARANCES:**

**For Petitioner:**
**The Grotas Firm, P.C.**
450 Seventh Avenue, Suite 2303
New York, New York 10123
By:   Paul Grotas, Esq.

**For Respondents:**
**KELLY T. CURRIE,**
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:   Scott Dunn, Assist. U.S. Atty

**HURLEY, Senior District Judge:**

      Petitioner Fay Phillips ("Phillips" or "Petitioner") commenced this action pursuant to 5

U.S.C. § 701 et seq. and 8 U.S.C. § 1421(c) seeking, inter alia, an order that her naturalization

---

[1] Loretta Lynch is substituted for Eric Holder pursuant to Fed. R. Civ. P. 25(d). The Clerk of Court is requested to amend the caption accordingly.

application be granted, and that the United States Citizenship and Immigration Service ("USCIS") erred in denying her naturalization petition and in rejecting her Form N-336. Presently before the Court is Respondents' motion, pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss for lack of jurisdiction. For the reasons set forth below, the motion is granted.

## BACKGROUND

The following background is taken from the petition ("Pet."), as supplemented by the Certified Copy of Administrative File ("AF").[2]

Phillips is a citizen and native of Jamaica[3] and has been a lawful permanent resident of the United States for more than twenty five years. (Pet. ¶ 6; AF 52.) On May 9, 1997, she applied for naturalization. (AF at 62.) She passed her naturalization exam on July 14, 1999. (Pet. ¶ 12.) Following an interview on the naturalization application, Phillips was sent correspondence dated January 21, 2000, requesting that she provide USCIS with a copy of her birth certificate by February 22, 2000 and stating that failure to comply "may result in denial of your application." (AF 18; Pet. ¶¶ 13-14.) According to the petition, because of a personal tragedy Phillips did not retrieve the January 21, 2000 notice from her mail until February 19, 2000, a Saturday, and in order to timely comply with the request personally brought the birth certificate to the INS office

---

[2] The portions of the Administrative File referenced are properly considered by the Court even if this motion is one pursuant to Rule 12(b)(6) as documents "incorporated [in the petition] by reference" or "upon which [the petition] *solely* relies and . . . [are] *integral to the [petition]*." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991)) (emphasis in the original).

[3] While the petition asserts Phillips was born in St. Thomas, her Naturalization application, visa application, and birth certificate states she was born in Jamaica, West Indies, albeit in the parish of St. Thomas. (AF 52, 62, 107, 109.)

in Garden City. (Pet. ¶¶ 13-15.) She was reportedly told to bring the birth certificate to the second floor where a security officer took the birth certificate and told her he would give it to a supervisor; she requested a receipt but was told that receipts are not given. (Pet. ¶ 15.) Thereafter, Phillips received a decision dated April 28, 2000 from INS denying her citizenship because they had not received her birth certificate; the decision advised petitioner that if she wished further administrative review of the decision she must file such a request within 30 days. (AF at 46-47; Pet. ¶ 16.)

According to the petition, the following events then occurred:

> [Phillips] returned to the Garden City INS office and filed a complaint. As a result, [she] was given an appointment to return to the office to be interviewed by a naturalization supervisor. Petitioner was interviewed and the supervising officer told her that he would allow her to hand in the birth certificate. Petitioner gave him a new birth certificate and a copy of the letter she received from INS.
> The supervising naturalization officer accepted Petitioner's birth certificate and told her that she would receive a letter in the mail with a date to be sworn in. [She] never received any such letter.
> [Phillips] returned to the Garden City office numerous times to inquire about her naturalization application. Eventually she was informed by an employee of the Service that her case had been closed.

Pet. at ¶¶ 17-19. None of these interactions are documented in the Administrative File. Phillips asserts that she "only failed to file her Form-336 within the proscribed time because of the misrepresentation made by the supervising naturalization officer who told her that her birth certificate had been accepted and that she would receive a date to be sworn in." (Pet. ¶ 20.) She did file a request for an administrative hearing (Form N-336) on July 14, 2014, which she claims "contained new facts and should have been treated as a motion to reopen." (Pet. at ¶ 21.) That

3

request was denied on November 22, 2014 as improperly filed. (AF at 1-2; Pet. at ¶ 5.) The instant petition was filed on March 23, 2015. In it, Philips maintains she "displayed due diligence in visiting the Garden City office numerous times and filing numerous complaints in order to complete her naturalization process." (Pet. ¶ 21.)

## DISCUSSION

### I. Standard of Review

#### A. Federal Rule of Civil Procedure 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). "In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions." *Cunningham v. Bank of New York Mellon, N.A.*, 2015 WL 4101839, * 1 (E.D.N.Y. July 8, 2015) (citing *Morrison v. Nat'l Australia Bank, Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008)).

#### B. Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action, a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.' " *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration 'to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.' " *Leonard*

*F. v. Israel Disc. Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999) (quoting *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991)); *see Weiss v. Village of Sag Harbor*, 762 F. Supp. 560, 567 (E.D.N.Y. 2011) (in deciding a motion to dismiss a court is entitled to consider, inter alia, "documents 'integral' to the complaint and relied upon in it, even if not attached or incorporated by reference" and "documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint"). A document may be considered on a motion to dismiss where the plaintiff has "reli[ed] on the terms and effect of [the] document in drafting the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (emphasis omitted). Such reliance "is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.*; *see Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006) (integral documents may include documents partially quoted in complaint or on which plaintiff relied in drafting complaint).

## II.   Naturalization Application Process

Prior to addressing the parties' argument, it is useful to describe briefly the statutory context of the naturalization process.

Sections 1427 and 1429 of Title 8 provide that "[n]o person ... shall be naturalized unless," inter alia, (I) he has been lawfully admitted to the United States for permanent residence, and thereafter "resided continuously ... within the United States for at least five years"; (ii) he has "resided continuously within the United States from the date of application [for naturalization] up to the time of admission to citizenship;" and (iii) during these statutory periods, he "has been and still is a person of good moral character, attached to the principles of the Constitution of the

6

United States, and well disposed to the good order and happiness of the United States." 8 U.S.C. §§ 1427(a), 1429.

An alien seeking naturalization must first file with USCIS an application on Form N-400. *See* 8 U.S.C. § 1445(a); 8 C.F.R. § 316.4(a). USCIS then conducts an examination of the alien's application to determine, inter alia, whether the application meets the residency requirements. 8 U.S.C. § 1446(b). During the examination, USCIS (I) must obtain the results of an FBI background check on the applicant, and (ii) may issue subpoenas for documents and testimony from the applicant and third parties who may possess pertinent information. *Id.* Ultimately, USCIS "shall make a determination as to whether the application should be granted or denied, with reasons therefor." 8 U.S.C. § 1446(d); 8 C.F.R. §§ 335.3(a), 336.1.

If USCIS denies a naturalization application on an initial determination, the applicant may, within 30 days of the determination, request another hearing. 8 U.S.C. § 1447(a); *see also* 8 C.F.R. §§ 316.14(b)(2); 336.2(a). This hearing serves as an administrative appeal of USCIS's initial determination and, as such, must be conducted by an independent officer, who may "receive new evidence or take such additional evidence as [he] may [deem] relevant to the applicant's eligibility for naturalization." *Id*. The applicant has the right to introduce new evidence in support of his application and in opposition to the findings made in USCIS's initial determination. *Id*. Ultimately, the USCIS hearing officer must issue a new decision that either "affirm[s] the findings and determination of the original examining officer or re-determine[s] the original decision in whole or in part." *Id*.

An applicant is entitled to judicial review at two specific points during the naturalization application process: (1) if USCIS "fail[s] to make a determination" as to the initial decision

"before the end of the 120-day period after the date on which the examination is conducted," the applicant may file a petition in federal district court, 8 U.S.C. § 1447(b); and (2) if after an administrative appeal hearing, USCIS affirms its initial determination to deny a naturalization application, the applicant may seek judicial review of that denial in an appropriate district court, which will engage in de novo review of USCIS's denial. 8 U.S.C. § 1421(c).

### III. Summary of Arguments

Respondents maintain that this Court lacks subject matter jurisdiction to review the denial of petitioner's naturalization application because (1) her claim accrued in 2000 when her naturalization application was denied and this action was not commenced within six years of that accrual as required by 28 U.S.C. §2401(a)[4]; and (2) Petitioner failed to exhaust administrative remedies as required by 8 U.S.C. § 1421(c) as she did not request a hearing pursuant to 8 U.S.C. § 1446 within thirty (30) days after receipt of the denial of her application. Resps.'s Mem. at 6-8. Respondents further contend that to the extent petitioner is challenging, under the APA, the failure to reopen her application her claim must be dismissed because that decision is not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence or otherwise not in accordance with the law. *Id*. at 8-9.

In response, Petitioner argues that the Court has subject matter jurisdiction to review the denial of her application because 28 U.S.C. § 2401(a) is a claims-processing rule and not a jurisdictional rule, and further that the six year statute of limitations is subject to equitable tolling; alternatively, she maintains that her cause of action accrued when her form N-336 was

---

[4] As is evident by the ensuing discussion, Respondents' argument that the failure to commence this action within the six years set forth in 28 U.S.C. § 2401(a) deprives this Court of jurisdiction presupposes that that statute is a jurisdictional rule.

denied in 2014 and therefore her petition was timely filed. Finally, she asserts that USCIS erred in failing to treat her Form N-336 as a motion to reopen because her "application was denied as a result of USCIS error and contrary to existing law and regulations . . . ." Pet.'s Opp. at 14.

In their reply, Respondents do not address whether 28 U.S.C. 2401(a) is jurisdictional.[5] Rather, they argue that her right of action accrued when she received the April 2000 decision or at the latest thirty days thereafter and that she has failed to establish that she is entitled to equitable tolling. Resps.'s Reply at 2-6. With respect to Petitioner's contention that the Court has authority to review the November 2014 denial of her request for a hearing, Respondents maintain that 8 U.S.C. § 1421(c) is inapplicable because no hearing was held and to hold otherwise would allow Phillips to bypass the requirement to exhaust administrative remedies. *Id.* at 6-7. Finally, denial of the request to reopen was proper as she failed to establish through an affidavit or documentary evidence that it should be reopened. *Id.* at 8-9.

## IV. 28 U.S.C. § 2401(a) is a Non-Jurisdictional Statute

The first issue to be addressed is whether 28 U.S.C. 2401(a) is a jurisdictional rule or a claims-processing rule. If it is a jurisdictional rule then the motion to dismiss is properly analyzed under Fed. R. Civ. P. 12(b)(1) and equitable tolling is not applicable. If it is a claims processing rule then the motion should be analyzed under Fed. R. Civ. P. 12(b)(6) and Petitioner's claim is subject to equitable tolling.

28 U.S.C. 2401(a) provides:

---

[5] Indeed, in arguing that Petitioner has failed to establish that she is entitled to equitable tolling, Respondents seem to concede that § 2401(a) is not jurisdictional. Nonetheless, the issue having been raised, this Court is obligated to address it. *See Henderson v. Shinski*, 562 U.S. 428, 434-35 (2001).

> Except as provided by chapter 71 of title 41, every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues. The action of any person under legal disability or beyond the seas at the time the claim accrues may be commenced within three years after the disability ceases.

28 U.S.C. § 2401(a).

The Supreme Court has reiterated a number of times over the past several years that "a rule should not be referred to as jurisdictional unless it governs a court's adjudicatory capacity, that is its subject matter or personal jurisdiction." *Henderson v. Shinseki*, – U.S. –, 131 S. Ct. 1197, 1202 (2011). As "the distinction between jurisdictional and claims-processing rules can be confusing," *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010), in identifying whether a statutory term is jurisdictional, the following rule has been established:

> If the Legislature clearly states that a threshold limitation on a statue's scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.

*Sebelius v. Auburn Reg'l Med. Ctr.*, – U.S. –, 133 S. Ct. 817, 824 (2013) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515 (2006). In applying this rule, a court's "jurisdictional analysis must focus on the legal character of the requirement, which [a court] discerns by looking to the condition's text, context, and relevant historical treatment." *Reed Elsevier*, 559 U.S. at 166.

The Supreme Court has "made plain that most time bars are nonjurisidictional." *United States v. Wong*, –U.S. –, 135 S. Ct.1625, 1632 (2015) As that Court recently stated:

> Time and again, we have described filing deadlines as quintessential claim-processing rules which seek to promote the orderly progress of litigation but do not deprive a court of authority

10

> to hear a case. That is so . . . even when the time limit is important (most are) and even when it is framed in mandatory terms (again, most are); indeed, that is so however emphatically expressed those terms may be. Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it.

*Id*. (internal quotation marks and citations omitted).

Indeed in *Wong*, the Supreme Court held that the neighboring statute of limitations found in 28 U.S.C. § 2401(b) is not jurisdictional. *Id*. at 1632-37. The Court reasoned that the statute "does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts." *Id*. at 1633. Additionally, because a section separate and apart from § 2401(b) confers power on federal district courts to hear FTCA claims, "[t]reating § 2401(b)'s time bars as jurisdictional would thus disregard the structural divide built into the statute." *Id*.

Although the Second Circuit has not directly addressed whether 28 U.S.C. § 2401(a) is jurisdictional, *Bertin v. United States*, 478 F.3d 489 (2d Cir. 2007), provides support for the conclusion that it may not be legitimately so categorized. In that case the Circuit upheld the dismissal of a Rule 41(g) motion for return of property as time barred because it was filed well beyond the six-year statute of limitations period in 28 U.S.C. 2401(a) and "even the most generous tolling arguably available" could not preserve the claim. *Id.* at 493-94 & n.3.

In rejecting equitable tolling in the case before it, the *Bertin* Court noted that it had "previously held that equitable tolling may be available for actions against the government. 473 F.3d at 494, n.3 (citing *Long v. Frank*, 22 F.3d 54, 58 (2d Cir.1994) and *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990)). Moreover, the *Bertin* Court noted that equitable tolling "may toll the catch-all statute of limitations, 28 U.S.C. §

11

2401(a)." 478 F.3d at 494, n3. (quoting *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 655 (2d Cir. 1998)). As tolling would be unavailable if § 2401(a) were jurisdictional, *see Wong*, 135 S. Ct. at 1638, *Bertin* supports treating § 2401(a) as a claims processing rule.

The Sixth Circuit, subsequent to *Wong*, addressed the issue in *Herr v. U.S. Forest Serv.*, 803 F.3d 809 (6th Cir. 2015) and concluded that §2401(a) is not jurisdictional. In addition, prior to *Wong,* the Ninth Circuit in *Cedars-Sinai Medical Center v. Shalala*, 125 F.3d 765, 770 (9TH Cir. 1997) held §2401(a) is not jurisdictional. This Court adopts the reasoning of the *Herr* and the *Cedar-Sinai* Courts and concludes that §2401(a) does not limit a federal court's subject matter jurisdiction. The statute makes no mention of jurisdiction. Rather, it "reads like an ordinary, run of the mill statute of limitation," *Wong*, 135 S.Ct. 1633, especially given that it contains a provision for tolling for persons under a "legal disability" or "beyond the seas."

As the statute of limitations in 28 U.S.C. § 2401(a) is non-jurisdictional, Respondents' motion to dismiss on the grounds this action was not commenced within six (6) years of accrual is properly analyzed under Rule 12(b)(6), not Rule 12(b)(1). Moreover, as the statute of limitation is not jurisdictional, it is subject to equitable tolling. *See Wong*, 135 S. Ct. at 1638.

V.      **Petitioner's Claim for Review of USCIS's Denial is Untimely**

The next issue to be addressed is when Petitioner's claim concerning the denial of her naturalization application accrued so as to determine whether her claim was filed within the limitations period.

Respondents assert that Petitioner's claim accrued when she became aware of the April 28, 2000 decision denying her naturalization application, or at the latest when that decision became final after she failed to file a request for a hearing within 30 days of its receipt. Resps.'s

Reply at 3. Petitioner replies that the instant action was timely filed as her "cause of action accrued on November 22, 2014, at the time USCIS rejected the Petitioner's Form N-336, because this is when she was able to seek review by this Court. As Respondents argue . . . the Petitioner cannot bring suit in District Court until there is a final decision on her N-336" and the denial of her Form N-336 advised her it was a final denial of her application and she could seek review in a district court. Pet.'s Opp. at 12.

     A right of action "first accrues when a plaintiff knows or has reason to know of the injury that forms the basis of the action." *Leon v. Murphy*, 988 F.2d 303, 309 (2d Cir. 1993) (internal quotation marks and citation omitted). Here, that point occurred when Respondents' challenged decision became final. "[T]wo conditions . . . must generally be satisfied for agency action to be 'final' under the APA. 'First the action must mark the consummation of the agency's decisionmaking process - it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which the rights or obligations have been determined, or from which legal consequences will flow.' " *U.S. Army Corps of Engineers v. Hawkes Co.*, – S. Ct. –, 2016 WL 3041052, at *5 (May 31, 2016) (quoting *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997)); *accord Dalton v. Specter*, 511 U.S. 462, 470 (1994) (In determining whether an agency action is sufficiently final to trigger the running of the statute of limitations, the "core question" is "whether the agency has completed its decision-making process, and whether the result of that process is one that will directly affect the parties.") (internal quotations marks omitted). Inasmuch as Petitioner's claim is that her naturalization application was improperly denied (because she in fact timely provided a copy of her birth certificate and/or because a copy was already in her file), her claim accrued, at the latest when the April 28, 2000 Decision became

13

final 30 days after she received it, i.e., on or about June 1, 2000.

8 U.S.C. § 1421(c) required Petitioner to exhaust her administrative remedies prior to seeking judicial review of the denial of her application, *Escaler v. U.S. Citizenship & Immigration Serv.*, 582 F.3d 288, 292 (2d Cir. 2009), and she was required to exhaust those remedies in a timely manner, i.e., within the thirty days provided for in 8 C.F.R. § 336.2(a). *Cf. Woodford v. No*, 548 U.S. 81, 83-84 (2006) ("filing an untimely or otherwise procedurally defective administrative grievance or appeal" does not satisfy the PLRA's exhaustion requirement); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001) (failure to timely exhaust administrative remedies results in a procedural default which precludes judicial review of inmate's claim). Had she timely filed her form N-336, then the statute of limitations would not have begun to run until the resulting decision after hearing. She did not file a timely Form N-336 and it would be antithetical to the purpose of statutes of limitations to allow her untimely filing to extend her time to seek judicial review of the denial of her naturalization application.

As Petitioner's claim accrued in or about June 1, 2000, the filing of this petition on March 23, 2015 was untimely unless the statute of limitations was tolled.

## VI. Petitioner's Equitable Tolling Claim is Not Plausible

Having concluded that petitioner did not file her claim for review of denial of her naturalization application within six years of its accrual, the question becomes whether she has plausibly asserted a claim for equitable tolling. It is to that issue the Court now turns.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary

14

circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (citations omitted); *Phillips v. Generations Family Health Ctr*., 723 F.3d 144, 150 (2d Cir. 2013) ("To qualify for [equitable tolling,] the [plaintiff] must establish that extraordinary circumstances prevented him from filing his [claim] on time, and that he acted with reasonable diligence throughout the period he seeks to toll.") (citations omitted).

The instant petition was filed nearly fifteen years after the issuance of the denial of Phillips' naturalization application; in other words to avoid the time bar on her claim she needs to plausibly assert that the statute of limitations should be tolled for more than 8 years and nine months. Given the absence of any date specific information concerning, inter alia, when she "returned numerous times to inquire about her naturalization application" and when she was "[e]ventually . . . informed by an employee of the Service that her case had been closed," (Pet. at ¶ 19), the petition fails to plausibility assert that Phillips is entitled to equitable tolling. Neither does Phillips' Request for a Hearing (Form 336) provide any date specific information. (*See* AF at 008). The closet it comes is the statement, "The last time going to the office in Garden City office (sic) was a few years ago when an INS worker checked the computer, he informed me that my case has been closed with no further information." (*Id*.) No explanation is given as to why Petitioner then delayed "a few years" to file for a hearing. That delay in and of itself it fatal to Petitioner's equitable tolling claim as "equitable tolling requires a party to pass with reasonable diligence through the period it seeks to have tolled." *Iavorski v. U.S. Immigration and Naturalization Serv.,* 232 F.3d 124,134 (2d Cir. 2000) (internal quotation marks omitted).

While in other circumstances permission to amend the petition might be order, it is not in this case given the Court's conclusion, in the following section, that Phillips' failure to exhaust

15

administrative remedies deprives this Court of jurisdiction to review the denial of her naturalization petition.

**VII.  The Failure to Timely Request a Hearing Precludes Jurisdiction
To Review the Denial of Petitioner's Naturalization Application
Pursuant to 8 U.S.C. 1447(b)**

Generally, "a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself." Be*harry v. Ashcroft*, 329 F.3d 51, 56 (2d Cir. 2003) (internal quotation marks omitted). Requiring the exhaustion of administrative remedies "protect[s] the authority of administrative agencies, limit[s] interference in agency affairs, and promot[es] judicial efficiency by resolving potential issues and developing the factual record." *Id*. Administrative exhaustion can be either "statutorily or judicially imposed" and as the Second Circuit has stated "the distinction between the two exhaustion requirements can be 'pivotal'" as "statutory exhaustion requirements are mandatory, while the judicial (common-law) exhaustion doctrine is discretionary and includes a number of exceptions." *Id*.

"Section 1421(c), authorizing de novo judicial review of the denial of an application to be naturalized, requires the exhaustion of administrative remedies prior to seeking that relief." *Escaler*, 582 F.3d at 291 (citing 8 U.S.C. § 1421(c)). Moreover, "[w]hen, as here, the exhaustion requirement is established by statute - in this case, the interaction of Section 1421(a), which vests the attorney general with sole authority in naturalization matters, with Section 1421(c) - the requirement is 'mandatory, and courts are not free to dispense with [it].' " *Id.* (quoting *Bastek v. Fed. Crop Ins. Co*., 145 F.3d 90, 94 (2d Cir. 1998)). "[P]roper exhaustion demands compliance with an agency's deadlines and other central procedural rules because no adjudicative system can

function effectively without imposing some orderly structure on the course of proceedings." *Woodward v. NO*, 548 U.S. 81, 90-91 (2006). Phillips' failure to timely request a hearing before an immigration officer bars judicial review of the denial of her naturalization application as the Court lacks subject matter jurisdiction. *See Ortiz v. Chertoff*, 2009 WL 2486007, * 4 (S.D.N.Y. Aug. 14, 2009); *Kyung Sook Oh v. Keisler*, 2009 WL 3711540, * 2-4 (E.D.N.Y. Oct. 8, 2009).

Phillip's reliance on *Martinez-Rodriguez v. U.S. Dept. of Homeland Security*, 2009 WL 3241533 (S.D.N.Y. 2009) for the proposition that her failure to request a hearing within 30 days of the denial of her naturalization does not deprive this Court of jurisdiction is misplaced. The issue before that court was whether the failure to seek judicial review with the 120 days set forth in the USCIS's regulations deprived the court of subject matter jurisdiction. That question is distinct from the question in this case which is whether Petitioner's failure to timely exhaust her administrative remedies by filing a request for a hearing within 30 days of her receipt of the denial of her application deprives this Court of jurisdiction to review that denial. As discussed above, this Court holds that that failure does so deprive this Court of jurisdiction.

## VIII.  The Failure to Treat Petitioner's Form N-336 as a Motion to Reopen

Respondent also seeks dismissal of Petitioner challenge to USCIS's determination that the Form N-336 did not meet the requirements for a motion to reopen or reconsider.[6] According to that decision, treatment as such a motion was denied because her request "does not state any new facts to be proved in the reopened proceeding, is not supported by any documentary evidence, and is not supported by any pertinent precedent decisions used to establish that the

---

[6] While the notice of motion refers only to Fed. R. Civ. P. 12(b)(1), this aspect of Respondent's motion is properly addressed pursuant to Rule 12(b)(6) for failure to state a claim.

original decision was based on an incorrect application of law or Service policy." (AF at 1.)

USCIS regulations provide that "[i]f an untimely request for hearing meets the requirement of a motion to reopen as described in 8 C.F.R. 103.5(a)(2) or a motion to reconsider as described in 8 C.F.R. 103.5(a)(3), the request for hearing must be treated as a motion and a decision must be made on the merits of the case." 8 C.F.R. § 336.2. The requirements for a motion to reopen are as follows:

> A motion to reopen must state new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence. A motion to reopen an application or petition denied due to abandonment must be filed with evidence that the decision was in error because:
> (I) The requested evidence was not material to the issue of eligibility;
> (ii) The required initial evidence was submitted with the application or petition, or the request for initial evidence or additional information or appearance was complied with during the allotted period; or
> (iii) The request for additional information or appearance was sent to an address other than that on the application, petition, or notice of representation, or that the applicant or petitioner advised the Service, in writing, of a change of address or change of representation subsequent to filing and before the Service's request was sent, and the request did not go to the new address.

8 C.F.R. § 103.5(a)(2). "A motion to reconsider must state the reasons for reconsideration and be supported by any pertinent precedent decisions to establish that the decision was based on an incorrect application of law or Service policy. A motion to reconsider a decision on application or petition, must, when filed, also establish that the decision was incorrect based on the evidence of record at the time of the initial decision." *Id*. at § 103.5(a)(3).

Petitioner argues that her untimely Form N-336 should have been treated as a motion to reopen because (1) she submitted her birth certificate as requested; (2) the birth certificate was

18

already in her file; (3) her birth certificate was not required according to a Policy Memorandum dated June 3, 2013, and therefore was not material to her eligibility. Pet.'s Mem. in Opp. at 14-16. Respondents counter that as permissive forms of relief over which immigration authorities have broad discretion, the decision regarding a motion to reopen will not be disturbed if a satisfactory explanation is given for the agency's decision and here such an explanation has been given, to wit: petitioner's failure to support her request with documentary evidence. Resp.'s Rep. Mem. at 8.[7]

The assertions that her birth certificate was already in her USCIS file and that her birth certificate was not required or material to her eligibility[8] are nowhere mentioned in the Form N-336. Having neglected to raise these two issues before USCIS, they shall not be considered by the Court.

Petitioner's claim is appropriately analyzed under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., as a "final agency decision for which there is no other adequate remedy in court." 5 U.S.C. § 704.[9] Under the APA agency action may only be disturbed if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or "unsupported by substantial evidence." *Id*. § 706(2)(A), (E). A decision is arbitrary and

---

[7] While Respondents' brief also refers to the lack of any affidavit to support the motion, Resp.'s Rep. Mem. at 8, the decision itself only refers to the lack of any supporting documentary evidence.

[8] The Court notes parenthetically that the assertion that her birth certificate was not required is based on a Policy Memorandum issued approximately thirteen years after Petitioner's naturalization application was denied.

[9] 8 U.S.C. § 1421(c) does not provide this Court with jurisdiction as no hearing under 8 U.S.C. § 1447(a) was held.

19

capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *NRDC v. U.S. Envir. Protection Agency*, 658 F.3d 200, 215 (2d Cir. 2011) (internal quotation marks omitted). "An abuse of discretion may be found in those circumstances where the [agency's] decision provides no rational explanation, inexplicably departs from established policies, . . . is devoid of any reasoning, or contains only summary or conclusory statements." *Zhao v. U.S. Dept. of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

The agency's decision that Petitioner's Form N-336 did not meet the requirements for a motion to reopen is not plausibly arbitrary, capricious, or an abuse of discretion. Petitioner did not submit any documentary evidence to support her assertion that she timely complied with the request for her birth certificate. Given the amount of time that has passed since she allegedly submitted the birth certificate and the difficulty in trying to confirm her recitation of events that happened fifteen years ago, USCIS was within its discretion to require documentary evidence to support Petitioner's belated claim.

## CONCLUSION

Respondents' motion to dismiss is granted.

**SO ORDERED.**

Dated: Central Islip, New York
      June 9, 2016                                                     /s/ Denis R. Hurley
                                                                            Denis R. Hurley
                                                                            United States District Judge